**Farris J. PIERCE, Plaintiff,**

v.

**GENERAL CASUALTY COMPANY OF AMERICA, General Insurance Company of America, et al., Defendants.**

**No. 34240.**

United States District Court
N. D. California, S. D.

Dec. 13, 1955.

Eugene S. Clifford, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff.

---

Augustus Castro, San Francisco, Cal., for defendants General Casualty Company of America and General Insurance Company of America.

HAMLIN, District Judge.

This is an action for a declaratory judgment as to the rights of the parties under an automobile insurance policy. The facts are as follows: On June 15, 1951, the plaintiff, Farris J. Pierce, requested a policy of automobile insurance from Oscar L. Kohlhardt, an insurance broker. Kohlhardt placed the insurance with the defendant, the General Casualty Company of America and the General Insurance Company of America, who issued its policy insuring Pierce on June 18, 1951. On June 19, 1951, Kohlhardt forwarded the policy to the plaintiff together with a letter and a statement of premium due in the amount of $47.51. On July 1, August 1, and September 1, 1951, Kohlhardt mailed to the plaintiff at the address set out in the policy, a statement of premium due in the same amount, $47.51. No acknowledgment of these statements or payment thereon was ever received by Kohlhardt or the defendant, nor were any of them returned by the Post Office. Kohlhardt also called several times at the plaintiff's residence, leaving his card, and attempted to contact him at the Mission Street Police Station, where plaintiff was employed as a policeman for the City of San Francisco, by telephoning this station and leaving word for him to call back. No acknowledgment of these calls was ever received by Kohlhardt or the defendant. On August 22, 1951, Kohlhardt sent the plaintiff a 10-day notice, which likewise was never acknowledged. On September 5, 1951, Kohlhardt called the office of the defendant and (through the proper employee of the defendant) asked them to cancel the policy issued to plaintiff on a flat rate basis, and to bill Kohlhardt for the premium due, since he was obligated to pay it according to their agreement. On September 7, 1951, the defendant mailed to the plaintiff notice that the policy would be cancelled effective September 14, 1951. On September 29, 1951, the plaintiff was involved in an automobile collision. While in the hospital after the collision, the plaintiff instructed a friend of his, one Raleigh Kelly, to pay the entire premium due on the policy to Kohlhardt. On October 3, 1951, Kelly went to Kohlhardt for this purpose, but was told by him that the policy had been cancelled and that the only amount he could pay was the premium earned up until September 14, 1951, when the policy had been effectively cancelled. On this basis, Kohlhardt received $11.83 from Kelly and gave him a receipt for this sum "as earned premium, Auto Ins. from 6/15/51 to 9/14/51 Policy # CA 319208."

As a result of the collision of September 29, there are several actions pending against the present plaintiff, Pierce, in the Superior Court for the City and County of San Francisco. It is the contention of plaintiff Pierce here that the policy issued by defendant was in full force and effect on the date of the collision and that the defendant was liable thereunder to Pierce. This Court is of the opinion that the mailing of the notice of cancellation was sufficient to effect a cancellation of the policy on the day named therein, September 14, 1951, and that the policy was not reinstated in any way by the payment on October 4, 1951. Hence, the defendant is not liable to plaintiff on the policy for any liability arising out of the accident of September 29.

Paragraph 22 of the Conditions of the policy reads as follows:

"22. Cancellation. This policy may be cancelled by the named insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall be effective.

"This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as afore-

said shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing."

The notice of cancellation involved here fully complied with the provisions of this paragraph. The notice was mailed to Pierce, the insured, at the address shown on the policy, 2909 Bush Street, San Francisco, California, where the insured lived continuously from the date of issuance of the policy through all the events recited above and important here. At the time of mailing the notice, defendant's agent obtained from the Post Office a slip acknowledging receipt of "one piece of ordinary mail addressed to Farris J. Pierce 2909 Bush Street San Francisco, Calif." Pierce testified "I don't recall" having received the notice of cancellation. But he made no denial of having received the statements for premium mailed on July 1, August 1, and September 1, 1951. And he admits that he made no payment of the premium prior to the accident on September 29. If in fact he did receive the notice of cancellation, of course that notice would have cancelled the policy on the date stated therein, namely, on September 14, 1951. But, assuming that he did not receive the notice, did it nevertheless effect a cancellation of the policy on the date stated therein as provided by the express terms of the policy?

Jurisdiction of this case being founded on diversity of citizenship, state law governs the answer to this question, and the applicable state law here is California law. While the California courts have not squarely passed on this question, another District Court in this circuit has held that the California courts would answer the above question in the affirmative. Superior Insurance Co. v. Restituto, D.C.S.D.Cal., 124 F.Supp. 392. This Court agrees with the reasoning of the Restituto case and the cases cited there. These cases hold that where the parties to an insurance policy agree on a method to cancel the policy, such as the method to which the parties here agreed, that policy is effectively cancelled when the terms of that agreement are properly followed. Traders & General Insurance Co. v. Champ et al., 9 Cir., 225 F.2d 802, rehearing denied 9 Cir., 226 F.2d 829, where the lower court found that notice of a change of address had been given to an agent of the company, is not in point. The method agreed upon here was properly followed, and, accordingly, it is the opinion of this Court that the policy in question here was cancelled on September 14, 1951, even if Pierce did not actually receive the notice of cancellation.

The subsequent payment of $11.-83 on the premium due on the policy was clearly made only for the purpose of paying the premium due up to September 14, 1951, and therefore such payment could not have the effect of reinstating the policy so as to put it into full force and effect on September 29, 1951.

Judgment will be entered in accordance with the opinion, defendant to prepare findings of fact, conclusions of law, and judgment.